**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| DARRYL LEE JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:08-cv-0930-DCN-7 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on defendant Darryl Lee Johnson's ("Johnson")
motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255,
ECF No. 746. For the reasons set forth below, the court dismisses Johnson's petition.

## I.  BACKGROUND

On November 12, 2008, in a superseding indictment, a federal grand jury charged
Johnson with the following: (1) one count of conspiracy to possess with intent to
distribute and distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and
841(b)(1)(C), all in violation of 21 U.S.C. § 846 (Count 1); (2) three counts of possession
with intent to distribute and distribution of a quantity of heroin, as well as aiding and
abetting others in the same offenses, in violation of 21 U.S.C. §§ 841(a)(1) and
841(b)(1)(C) and 18 U.S.C. § 2 (Counts 13, 27, and 32); and (3) one count of possession
with intent to distribute and distribution of a quantity of heroin, in violation of 21 U.S.C.
§§ 841(a)(1) and 841(b)(1)(C) (Count 26). ECF No. 137.

On April 13, 2009, Johnson pled guilty to Counts 1, 13, 26, and 32 pursuant to a
written plea agreement. ECF No. 314. The United States Probation Office (USPO)
subsequently prepared a presentence report (PSR), which included a recommended range

of imprisonment of 24-30 months with three to five years of supervised release, according to the United States Sentencing Guideline ("Guidelines"). ECF No. 648. The government submitted an objection to the PSR, arguing that Johnson's August 11, 2008 assault and battery of a high and aggravated nature ("ABHAN") conviction constituted a prior "crime of violence", which, in conjunction with his January 22, 2004 felony drug conviction, would classify him as a career offender and trigger a Guideline enhancement.[1] The court sustained the government's objection and sentenced Johnson to a term of imprisonment of 151 months and five years of supervised release, consistent with his enhanced Guideline range. ECF No. 654.

Johnson appealed his sentence to the Fourth Circuit, where his sentence was vacated and remanded to this court for a determination of whether ABHAN is a "crime of violence" under the categorical approach embraced by the Fourth Circuit. United States v. Johnson, 475 Fed. App'x 494 (4th Cir. 2012) (unpublished opinion). On remand, this court concluded that ABHAN was a "crime of violence" for the purposes of the Guidelines and resentenced Johnson to 151 months of imprisonment and five years of supervised release, the same sentence he received before his appeal. ECF No. 731. Johnson appealed that sentence to the Fourth Circuit where his counsel filed an Anders brief identifying the issue on appeal before the court relieved him from representation. On February 6, 2013, the Fourth Circuit affirmed, making Johnson's judgment final. United States v. Johnson, 508 F. App'x 277 (4th Cir. 2013) (unpublished opinion).

_____

[1] The Guidelines authorize an enhancement when the defendant to be sentenced is a "career offender", which requires at least two previous felony convictions of either a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.1(a). A career offender enhancement typically significantly increases a defendant's Guideline range.

On January 28, 2014, Johnson, acting pro se, filed the instant motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 (the "First Petition"). ECF No. 746. On May 22, 2014, the government filed a motion to hold the petition in abeyance pending the resolution of Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014), which the court granted. On November 19, 2015, Johnson, again acting pro se, filed another § 2255 petition (the "Second Petition"), adding new grounds for his motion. ECF No. 780. On January 28, 2016, Johnson filed a supplement to his Petitions through his newly appointed counsel. ECF No. 781. The government responded to the Second Petition on February 26, 2016. ECF No. 784. Thereafter, Johnson filed several supplements to his Petitions: a second supplement on March 31, 2017, ECF No. 793; a third on May 28, 2018, ECF No. 803; a fourth on June 20, 2018, ECF No. 832; and a fifth on March 21, 2019, ECF No. 837. On June 3, 2019, the government responded. ECF No. 838.

## II.  STANDARD

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

Pursuant to 28 U.S.C. § 2255(a):

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence

3

was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[2]  See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

## III.  DISCUSSION

As grounds for his First Petition, Johnson asserts the same ground for relief as he asserted on direct appeal—that the court's enhancement of his advisory Guideline range under U.S.S.G. § 4B1.1 was improper because ABHAN cannot serve as an underlying "crime of violence" for a career criminal designation.  Johnson's Second Petition adds two additional grounds for relief:  a change in the law based on the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015), and ineffective assistance of counsel.[3]  Johnson's five supplements to his Petitions seek to clarify the governing law and provide precedential support for each of Johnson's grounds for relief.  Strangely, these supplements also contend that Federal Rules of Civil Procedure 59 and 60 provide Johnson with a basis for relief.  Because timeliness is critical to the resolution of the instant petition, the court divides Johnson's asserted grounds for relief into those asserted by his First Petition and those asserted by in his Second Petition.  The court considers the

---

[2] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  The court has reviewed the record in this case and has determined that a hearing is not necessary.

[3] Because Johnson's First and Second Petitions were filed pro se, the court will construe them liberally.  See Gordon v. Leeke, 574 at 1151.

arguments contained in Johnson's supplemental briefings according to which ground for relief they supplement. The court addresses each in turn, finding that no ground entitles Johnson to relief. Therefore, Johnson's petition is dismissed.[4]

## A. Johnson's First Petition

Johnson's First Petition, filed January 28, 2014, asserts that the court violated his constitutional rights by improperly enhancing his Guideline range based on his designation as a career criminal under U.S.S.G. § 4B1.1.[5] ABHAN, Johnson argues, cannot serve as a predicate offense for a career criminal designation after the Fourth Circuit's decisions in <u>United States v. Hemingway</u>, 734 F.3d 323 (4th Cir. 2013) (holding that ABHAN does not qualify as a "crime of violence" within the meaning of the Armed Career Criminal Act) and <u>United States v. Montes-Flores</u>, 736 F.3d 357 (4th Cir. 2013) (holding that ABHAN does not qualify as a "crime of violence" for the purposes of the Guidelines). Although Johnson is correct that ABHAN can no longer serve as an

---

[4] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of the Defendant's § 2255 Motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Although the government typically files a motion to dismiss or for summary judgment in response to a § 2255 petition, such a filing is not required for the court to dismiss a petition.

[5] Johnson's judgment became final on February 6, 2013, when the Fourth Circuit affirmed his sentence. Therefore, his First Petition, filed on January 28, 2014, was timely filed within §2255(f)'s one-year limitations period. To the extent that arguments in Johnson's supplemental briefings relate to grounds included in his First Petition, the court will consider those arguments timely.

underlying "crime of violence" for an enhancement under the Guidelines, the law is clear that district court lacks the ability to review such a sentencing error when it does not amount to a "complete miscarriage of justice." Because the court finds that Johnson's circumstances do not reach this high bar, it must dismiss his petition.

Before reaching the merits of Johnson's First Petition, the court must first determine whether the petition is one the court is authorized to consider under 28 U.S.C. § 2255.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255(a). Because only certain grounds for relief are contemplated by the statute, "§ 2255 does not allow for a court's consideration and correction of <u>every</u> alleged sentencing error." <u>United States v. Foote</u>, 784 F.3d 931, 936 (4th Cir. 2015) (citing <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)) (emphasis in original).

"The Supreme Court has interpreted [§ 2255(a)] such that if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" <u>Foote</u>, 784 at 936 (quoting <u>Davis</u>, 417 U.S. at 346). "This standard is only satisfied when a court is presented with 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" <u>Foote</u>, 784 at 936 (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)). Confronted with a sentencing error strikingly similar to the error Johnson now alleges, the Fourth

Circuit found that "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated does not meet this remarkably high bar." Foote, 784 at 936. Put simply, Foote is an impassable barrier to the relief Johnson seeks in his petition.

In Foote, the Fourth Circuit reviewed a district court's dismissal of petitioner Foote's § 2255 petition to determine whether an invalid career criminal designation that was used to enhance an advisory Guideline range constituted a sentencing error that was cognizable on collateral review. Foote, like Johnson, was sentenced based on a Guideline range enhanced by a subsequently invalid career criminal designation. Foote's career criminal designation was premised, in relevant part, on a "controlled substance offense" that the Fourth Circuit subsequently determined could not serve as a predicate to a career offender violation under § 4B1.1(a). While noting that Foote's Guideline range was improperly enhanced, the Fourth Circuit found that the sentencing error did not constitute "a fundamental defect which inherently results in a complete miscarriage of justice." Foote, 784 at 936 (quoting Davis, 417 U.S. at 346). Following the lead of its sister circuits,[6] the Fourth Circuit rested its conclusion on four grounds: (1) the challenge involved no claim of actual innocence, (2) the Guidelines are advisory,[7] (3) district courts

---

[6] See Spencer v. United States, 773 F.3d 1132 (11th Cir. 2014) (dismissing § 2255 petition based on improper application of advisory sentencing guidelines); Hawkins v. United States, 706 F.3d 820 (7th Cir. 2013) (dismissing § 2255 petition that alleged a improperly enhanced sentence where the career offender enhancement was based on an invalid "crime of violence"); Sun Bear v. United States, 611 F.3d 925 (8th Cir. 2010) (same as Spencer).

[7] In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the Guidelines are advisory rather than mandatory. Courts have found that petitioners who were sentenced based on incorrect Guideline ranges prior to Booker have cognizable claims on collateral review. See, e.g., Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018) (granting petitioner relief but noting that "Foote undoubtedly would bar

are free to deviate from Guideline enhancements, and (4) Foote's sentence did not exceed the statutory maximum.

All four bases that compelled the Fourth Circuit to reject Foote's petition exist with equal force here. Johnson pled guilty in 2009 and does not argue that he is innocent of the underlying Counts. This court sentenced him pursuant to the advisory Guideline range that included the career offender enhancement. On remand, the court resentenced Johnson, imposing the same sentence pursuant to the same enhanced advisory Guideline range. Finally, Johnson's Counts carried a statutory maximum penalty of 20 years imprisonment, or 240 months, and at least 3 years supervised released. Johnson was sentenced to 151 months and five years of supervised release, well below the statutory maximum. Therefore, the court has no basis to deviate from the Fourth Circuit's holding in Foote. Thus, the court must find that Johnson's alleged sentencing error is not a cognizable claim for relief under § 2255, as it does not constitute a "complete miscarriage of justice." The court rejects this ground of Johnson's petition.

Johnson argues that he is entitled to relief because he preserved the issue of his sentencing error at every stage of his prosecution. Unfortunately, that is not the law. The standard for a cognizable claim on appeal is different from the standard for a cognizable claim on collateral attack under § 2255.[8] "An erroneous computation of an advisory

---

[petitioner]'s petition had he been sentenced under the advisory Guidelines. But Foote simply doesn't apply to a petitioner sentenced in the pre-Booker era."); United States v. Wheeler, 886 F.3d 415, 420 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318, (2019). Because Johnson was sentenced after Booker, when the Guidelines were advisory, the court need not consider such cases.

[8] Johnson relies on Rosales-Mireles v. United States, 138 S. Ct. 1897 (2018), and United States v. Urbina-Fuentes, 900 F.3d 687 (5th Cir. 2018), for the proposition that a district court's error in calculating an advisory Guidelines range is reversible because such an error "affects the fairness, integrity, or public reputation of judicial proceeding,

guideline sentence is reversible (unless harmless) on direct appeal; it does not follow that it's reversable years later in a post-conviction proceeding . . . ." Foote, 784 F.3d at 938 (quoting Hawkins, 706 F.3d at 824).  In fact, Foote faced the same set of procedural circumstances that Johnson now faces.  Foote successfully appealed his original sentence on the ground that his career-offender enhancement was error, received the same sentence as originally imposed on remand, unsuccessfully appealed his second sentence, and sought collateral review via a § 2255 petition.  Because Foote "challenged his career designation at every step, met all applicable deadlines[], and his career offender designation increased dramatically his advisory Guidelines range," the Fourth Circuit noted that its decision did "not come without frustration."  Id. at 944.  Regardless of that frustration, the Fourth Circuit concluded that the guidance of Congress and the Supreme Court "tie[d] [their] hands."  Id.  Therefore, Johnson finds himself in the same "frustrat[ing]" position as Foote, and this court's hands are similarly tied.

**B.  Johnson's Second Petition**

Johnson's Second Petition adds two additional grounds for relief:  first, the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015), and, second, ineffective assistance of counsel.  Because the former claim is without merit and both claims are time-barred, the court rejects Johnson's Second Petition.

---

and thus will warrant relief."  Rosales-Mireles, 138 S. Ct. at 1903.  The standard espoused in these cases applies only to direct appellate review of a defendant's sentence. The standard on collateral review is different.  Therefore, these cases would only be relevant if the court considered Johnson's grounds for relief on direct appeal.  Because he proceeds with a petition for collateral review, however, the court is bound to the higher standard employed by the Fourth Circuit in Foote.

Johnson's <u>Johnson v. United States</u> argument is both procedurally untimely and substantively unfounded. Johnson argues that <u>Johnson v. United States</u>, which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague, should be applied to invalidate the residual clause of the Guidelines. Because the residual clauses of both statutes are identical, Johnson argues, this court should find the Guideline's residual clause void for vagueness. However, the Supreme Court has made clear that the right recognized in <u>Johnson v. United States</u> only relates to the residual clause of the ACCA, not the residual clause of the Guidelines. In <u>Beckles v. United States</u>, the Supreme Court held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. 886, 892 (2017). In short, <u>Beckles</u> definitively held that the right "newly recognized" by the Supreme Court in <u>Johnson</u> does not apply to the Guidelines. Therefore, <u>Johnson v. United States</u> cannot be a source of relief for Johnson because it does not establish any right with respect to the Guidelines, the source the constitutional violation he alleges.

By the same token, Johnson's argument that <u>Johnson v. United States</u> entitles him to relief is untimely. Section 2255 imposes a one-year period of limitations, relevant here, from either "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3). Johnson's judgment became final on February 6, 2013, when the Fourth Circuit affirmed his sentence. Therefore, his Second Petition, filed on November 19, 2015, was untimely under § 2255(f)(1)'s one-year limitations period. Because it does not recognize any new right to relief relevant

here, <u>Johnson v. United States</u> does not implicate § 2255(f)(3) and does nothing to help

Johnson's untimely petition.  <u>See</u> <u>United States v. Brown</u>, 868 F.3d 297 (4th Cir. 2017).

Therefore, the court rejects this ground of Johnson's petition.

Johnson's Second Petition also asserts a claim of ineffective assistance of

counsel.  This claim is untimely.   Discussed above, Johnson filed his Second Petition

more than one year after his judgement became final.  Under §2255(f)(1), the claims that

were first asserted in that petition are time-barred.  Therefore, the court need not consider

Johnson's claim of ineffective assistance of counsel.

### C.  Federal Rules of Civil Procedure 59 and 60

In supplements to his Petitions, Johnson contends that "Rules 60 and 59 allow[]

this Court to grant relief from a final judgment or order and to alter or amend its previous

judgment."  ECF No. 837 at 3.  Johnson is far off the mark.  To be sure, an action for

relief under § 2255 is a civil action, and Rules 59 and 60 may be used to attack a court's

judgment within that civil action under certain circumstances.  However, the Civil Rules

are not a basis from which a court may vacate a petitioner's underlying criminal

conviction.  The right to collaterally attack one's sentence is not an inherent right; it is a

right provided for by acts of Congress.  To exercise that right, a defendant must utilize a

Congressionally authorized avenue of relief, not the Civil Rules.

> Prisoners are not allowed to avoid the restrictions that Congress has placed
> on collateral attacks on their convictions or other custody-creating or-
> enhancing punishments by styling their collateral attacks as motions for
> reconsideration under Rule 60(b) . . . . There must be no circumvention of
> those restrictions by classifying a collateral attack as a Rule 60(b) motion.

<u>Harris v. Cotton</u>, 296 F.3d 578, 579–80 (7th Cir. 2002).  "The exclusive remedy for

testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is

11

that provided for in 28 U.S.C. § 2255." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965); see also United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) ("[A] defendant cannot challenge the criminal forfeiture orders at issue under the Federal Rules of Civil Procedure. Rule 1 of the Federal Rules of Civil Procedure unambiguously provides that '[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature . . . .'").

Congress and the courts have deliberately limited the proper avenues for relief, like § 2255, to achieve meaningful policy goals, like judicial efficiency and public trust in the criminal justice system. Rules 59 and 60 are not vehicles by which a petitioner can circumvent the proper channels that Congress has implemented for convicted defendants to challenge their final judgments. Johnson has not cited to a case in which a court utilized Civil Rule 59 or 60 to overturn a criminal conviction or sentence, and the court is confident that no such case exists. The court therefore denies Johnson's request to alter his underlying criminal judgment under the Civil Rules.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Johnson does not

meet this standard because there is nothing debatable about the court's resolution of his 2255 petition.

## IV.   CONCLUSION

For the foregoing reasons the court **DISMISSES** Johnson's petition.  A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 2, 2019**
**Charleston, South Carolina**