**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>DARRYL LEE JOHNSON, )<br>)<br>Defendant. )<br>_____) | No. 2:08-cr-00930-DCN-7<br><br>**ORDER** |

      This matter is before the court on defendant Darryl Lee Johnson's ("Johnson") motion for compassionate release, ECF No. 870. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

      On November 12, 2008, a federal grand jury charged Johnson with the following counts in a superseding indictment: (1) one count of conspiracy to possess with intent to distribute and distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), all in violation of 21 U.S.C. § 846 (Count 1); (2) three counts of possession with intent to distribute and distribution of a quantity of heroin, as well as aiding and abetting others in the same offenses, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 (Counts 13, 27, and 32); and (3) one count of possession with intent to distribute and distribution of a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 26). ECF No. 137.

      On April 13, 2009, Johnson pled guilty to Counts 1, 13, 26, and 32 pursuant to a written plea agreement. ECF No. 314. The United States Probation Office ("USPO") subsequently prepared a presentence report ("PSR"), which included a recommended range of imprisonment of twenty-four to thirty months with three to five years of

1

supervised release, in accordance with the United States Sentencing Guidelines (the "U.S.S.G." or "Guidelines"). ECF No. 648. The government objected to the PSR, arguing that Johnson's August 11, 2008 conviction for assault and battery of a high and aggravated nature ("ABHAN") constituted a prior "crime of violence," which, in conjunction with his January 22, 2004 felony drug conviction, classified him as a career offender and triggered a Guideline enhancement.[1] The court sustained the government's objection and sentenced Johnson to a term of imprisonment of 151 months and five years of supervised release, consistent with his enhanced Guideline range. ECF No. 654. His projected release date is June 30, 2023.

Johnson appealed his sentence to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit vacated the sentence and remanded the case to this court for a determination of whether ABHAN is a "crime of violence" under the categorical approach embraced by the Fourth Circuit. United States v. Johnson, 475 F. App'x 494 (4th Cir. 2012). On remand, this court concluded that ABHAN was indeed a "crime of violence" for the purposes of the Guidelines and resentenced Johnson to 151 months of imprisonment and five years of supervised release—the same sentence he received before his appeal. ECF No. 731. Johnson appealed that sentence again to the Fourth Circuit. On February 6, 2013, the Fourth Circuit affirmed, making Johnson's judgment final. United States v. Johnson, 508 F. App'x 277 (4th Cir. 2013). On December 2, 2019, the court denied Johnson's motion to vacate, set aside, or correct his

---

[1] The Guidelines authorize an enhancement when the defendant to be sentenced is a "career offender," which requires at least two previous felony convictions of either a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.1(a). A career offender enhancement typically significantly increases a defendant's Guideline range.

2

sentence pursuant to 28 U.S.C. § 2255. ECF No. 839. Johnson appealed, and on August 12, 2020, the Fourth Circuit denied a certificate of appealability and dismissed Johnson's appeal. ECF No. 852.

On April 26, 2021, Johnson, proceeding pro se, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 870. On July 21, 2021, the United States of America (the "government") responded in opposition. ECF No. 882. On August 17, 2021, Johnson, through court-appointed counsel, supplemented his motion. ECF No. 886. On July 15, 2022, Johnson, proceeding pro se, filed a second supplement to his motion. ECF No. 888. The motion is ripe for review.

## II.  STANDARD

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A) provides an exception to this general rule where "extraordinary and compelling reasons warrant such a reduction." Courts refer to requests under this section as motions for "compassionate release." United States v. Norris, 458 F. Supp. 3d. 383, 385 (E.D.N.C. 2020). Prior to the First Step Act, the law permitted only the Bureau of Prisons (the "BOP") to file motions for compassionate release. United States v. Dowdell, 669 F. App'x 662 (4th Cir. 2016). Section 603 of the First Step Act amended § 3582(c)(1)(A)(i), authorizing defendants themselves to file requests for compassionate release with the sentencing court after exhausting all available administrative remedies.[2] United States v. Griggs, 462 F. Supp. 3d 610, 615 (D.S.C. 2020).

---

[2] The government does not argue that Johnson failed to exhaust his administrative remedies. Thus, even if Johnson had failed to exhaust his administrative remedies, the government has implicitly waived the exhaustion requirement. See United States v.

3

The determination of whether "extraordinary and compelling circumstances" warrant relief is within the discretion of the district court. United States v. Beck, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Fourth Circuit clarified that district courts are empowered to "consider any extraordinary and compelling reason for release that defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (quoting United States v. Brooker, 976 F.3d 228, 230 (2d Cir. 2020)). If the court finds that such circumstances warrant compassionate release, it must consider the factors set forth in § 3553(a) to determine whether a reduction in sentence would be further justified. 18 U.S.C. § 3582(c)(1)(A). A defendant seeking compassionate release "has the burden of establishing that such relief is warranted." Griggs, 462 F. Supp. 3d at 615. Even after the changes to § 3582(c)(1)(A)(i) promulgated under the First Step Act, the burden remains "exceptionally high." McCoy, 981 F.3d at 288.

### III.   DISCUSSION

Johnson moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or, in the alternative, for a court order allowing Johnson to complete his sentence in a residential reentry center ("RRC") for the maximum time permitted. As an initial matter, the court lacks authority to order placement in an RRC because the authority to make placement decisions is vested solely with the BOP.[3] See United States

---

Muhammad, 16 F.4th 126, 129 (4th Cir. 2021) ("Although the statute plainly requires [the defendant] to complete certain steps before filing his motion in the district court, we understand this requirement to be non-jurisdictional, and thus waived if it is not timely raised.").

[3] Even so, courts have found authority in § 3621(b) to make recommendations to the BOP regarding prerelease placement. See United States v. Martin, 877 F.3d 1035, 1036 (11th Cir. 2017) (collecting cases). Based on that authority, the court recommends

v. Dawson, 2019 WL 2062516, at *2 (N.D. W. Va. May 9, 2019) ("The BOP has exclusive discretion to determine whether, and for how long, to release an inmate to an RRC."). Therefore, the court only considers Johnson's request for compassionate release and ultimately finds that such relief is unwarranted.

The court first considers Johnson's argument that extraordinary and compelling circumstances warrant his compassionate release. The court then proceeds to address the factors set forth under 18 U.S.C. § 3553(a), finding that they do not justify a reduction in Johnson's sentence.

### A. Extraordinary and Compelling Circumstances

Johnson raises two grounds for arguing that extraordinary and compelling circumstances warrant relief. First, Johnson argues that based on a sentencing disparity created by intervening law, he is serving a longer sentence than the one he would receive if he were to be sentenced today. Second, Johnson argues that the pandemic has put his health at risk while incarcerated. The court considers each argument in turn.

#### 1. Sentencing Disparity

First, Johnson argues that he is entitled to compassionate release because he was sentenced as a career offender based on Guidelines that are no longer effective. Specifically, Johnson contends that following his conviction, the Fourth Circuit ruled that

---

that the BOP place Johnson in an RRC. Johnson has approximately six months left to serve. While the sentencing factors do not justify modification of his sentence term, the court finds that Johnson's general history and characteristics support alternative placement for the duration of his sentence. 18 U.S.C. § 3621(b) (explaining that in making a recommendation, the court should consider the history and characteristics of the defendant as well as the offense committed). The court's decision in this regard serves only as a non-binding recommendation, see id., and ultimately, the court is confident that the BOP will give serious and thoughtful consideration to Johnson's eligibility for an RRC or other placement and on the conditions of such placement.

under the Guidelines, ABHAN could no longer be considered a crime of violence. The court previously considered a similar argument in Johnson's § 2255 motion, wherein Johnson argued that ABHAN could not serve as a predicate offense for classifying him as a career offender. ECF No. 781. In his § 2255 motion and supplemental response, Johnson noted that in parallel proceedings that ultimately concluded after Johnson was resentenced, the Fourth Circuit ruled that ABHAN was not a crime of violence. Id. at 2 (citing United States v. Hemingway, 734 F.3d 323 (4th Cir. 2013), and United States v. Montes-Flores, 736 F.3d 357 (4th Cir. 2013)); ECF No. 830 at 3–4 (same). The court denied Johnson's § 2255 motion, explaining that "[a]lthough Johnson is correct that ABHAN can no longer serve as an underlying 'crime of violence' for an enhancement,"[4] the court lacked the ability to review the sentencing error in a motion to vacate made pursuant to § 2255. ECF No. 839 at 5–6. The court determined that Johnson's sentencing error did not constitute a "complete miscarriage of justice." Id. at 8. As such, under the law, Johnson did not have a cognizable claim under § 2255. Id.

In the instant motion for compassionate release, Johnson argues that the rulings in Hemingway, Montes-Flores, and other cases support the conclusion that extraordinary and compelling circumstances justify a reduction in his sentence. Although Johnson's alleged sentencing disparity did not constitute a cognizable claim in his motion to vacate

---

[4] See Hemingway, 734 F.3d at 327 (holding that ABHAN does not qualify as a violent felony within the meaning of the Armed Career Criminal Act's force clause); Montes-Flores, 736 F.3d at 369 (holding that ABHAN does not qualify as a "crime of violence" under the Guidelines). Both cases remain applicable because Johnson was convicted of ABHAN in 2008, prior to the codification of the offense in S.C. Code Ann. § 16-3-600 (2015). See Johnson, 508 F. App'x at 279 n.2; United States v. Benton, 2019 WL 4930184, at *3 n.4 (D.S.C. Oct. 7, 2019), rev'd on other grounds, 24 F.4th 309 (4th Cir. 2022).

under § 2255, the court finds that the issue is properly raised in his motion for compassionate release. In McCoy, the Fourth Circuit held that the defendants in that case were entitled to compassionate release based on "the severity of [their] § 924(c) sentences and the extent of the disparity between [their] sentences and those provided for under the First Step Act," which modified the mandatory minimum that applied for the defendants' § 924(c) convictions. McCoy, 981 F.3d at 286. Although McCoy involved a sentencing disparity based on a legislative change, courts have confirmed that the same reasoning justifies consideration of disparities brought about by subsequent appellate decisions. See United States v. Spencer, 521 F. Supp. 3d 606, 609–10 (E.D. Va. 2021) (finding the defendant's argument that he would not have received a career offender enhancement in light of United States v. Norman, 935 F.3d 232, 237-39 (4th Cir. 2019), to be cognizable under McCoy). Thus, Johnson's argument as it relates to the subsequent ABHAN cases is properly before the court.

The government does not meaningfully dispute that the Guidelines, as they relate to Johnson, would have been applied differently if Johnson had been sentenced after the Fourth Circuit rulings in Hemingway and Montes-Flores. See ECF No. 882 at 6 ("Johnson correctly points out that he would not be a career offender and thus his [G]uidelines would be substantially lower were he sentenced today . . . ."). Instead, the government argues that even after McCoy, the Guidelines remain advisory and the court should find that compassionate release would be improper based on other factors presented by Johnson's criminal history.

Had the court focused exclusively on the notion that the career offender enhancement would no longer apply if Johnson were sentenced today, the resulting

sentencing disparity might indeed rise to the level of being extraordinary and compelling. As the court previously noted, Johnson's original PSR recommended a sentencing range of twenty-four to thirty months because it did not apply the Guideline enhancement. ECF No. 648. After the government objected to the PSR on grounds that it failed to classify Johnson as a career offender, the court sentenced Johnson to 151 months in prison. Johnson contends that as a result, he has "overserved [what he alleges is a proper] sentence by more than 7 years." ECF No. 886 at 3. In response, the government argues that Johnson nevertheless has a "significant criminal history," as reflected in the PSR, which placed him in criminal history category VI. ECF No. 882 at 7 (citing ECF No. 729, PSR ¶ 52). Other district courts have determined that an inmate failed to present extraordinary and compelling reasons for compassionate release even though he would have been subjected to a lower advisory guideline range if sentenced today. See United States v. Hallman, 2022 WL 4477710, at *3 (W.D.N.C. Sept. 26, 2022) (holding that even though the defendant would no longer be classified as a career offender, the sentencing disparity did not amount to an extraordinary and compelling reason because his criminal history "would likely have warranted an upward variance"); United States v. Massey, 2021 WL 4233886, at *4 (W.D.N.C. Sept. 16, 2021) (explaining that even though Hobbs Act robbery was no longer categorized as a crime of violence, the defendant's sentencing disparity was not so drastic that compassionate release was warranted).

      The court finds that there is certainly ample reason to find that Johnson's sentencing disparity does not rise to the level of extraordinary and compelling. For example, the court could find, like the district court did in Hallman, that the court would

likely have granted an upward variance anyways based on Johnson's significant criminal history. See Hallman, 2022 WL 4477710, at *3. For Johnson's benefit, however, the court assumes for purposes of this motion that Johnson has presented an extraordinary and compelling reason for compassionate release. Nevertheless, the court finds under the discussion of the sentencing factors below, infra III.B., that relief is ultimately not warranted.

### 2. Pandemic-Related Issues

Alternatively, Johnson argues that "[t]he continued proliferation of the pandemic" in the prison system has put his health "directly at risk." ECF No. 870 at 8. The court assumed, without deciding, that Johnson had presented extraordinary and compelling circumstances on the grounds that he would not be classified as a career offender if sentenced today. As such, the court need not decide whether the pandemic separately presents an extraordinary and compelling reason warranting compassionate release.

Even so, the court clarifies that Johnson's so-called "pandemic related issues," id., do not warrant relief. To begin, Johnson fails to identify any specific health conditions that elevate his risk of severe illness should he contract COVID-19. "In the context of [COVID-19], courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citations omitted). "When assessing compassionate release motions during the pandemic, the Court examines the Centers for Disease Control's ("CDC") list of risk factors for severe COVID-19 complications." Wilson v. United States, 2020 WL 3315995, at *3 (E.D. Va. June 18,

9

2020). Here, Johnson does not allege that he suffers from any conditions that put him at a particularized risk of severe illness should he contract COVID-19. Instead, he discusses prison conditions during the pandemic generally. Johnson's argument thus fails on this basis alone.

Moreover, the general response of the BOP to the pandemic does not constitute an extraordinary and compelling reason for relief. Based on the availability of the COVID-19 vaccine, "courts have recognized the difficulty in proving extraordinary and compelling reasons even when an inmate has a high-risk comorbidity." See United States v. Eppard, 2022 WL 1785274 at *3 (W.D. Va. June 1, 2022). "[F]ollowing [the availability of] full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." Id. (citing United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021)). For the vast majority of prisoners, the availability and effectiveness of vaccines make it "impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." United States v. Brown, 2022 WL 1664474 at *2 (D. Md. May 25, 2022) (quoting United States v. Collins, 2021 WL 4991588, at *3 (W.D. Va. Oct. 27, 2021)).

On this point, the government adds that Johnson was offered the Pfizer vaccine but refused it. ECF No. 882 at 14. According to the government, Johnson's refusal to get vaccinated precludes eligibility for compassionate release based on COVID-19. Id. (citing United States v. Baeza-Vargas, 2021 WL 1250349, at *2–3 (D. Ariz. Apr. 5, 2021)). In response, Johnson submits evidence that he was provided with a COVID-19

vaccine consent form. On the form, both the box that reads, "I consent to receive the COVID-19 vaccination" and the box that reads, "I decline to receive the COVID-19 vaccination" are checked. ECF No. 886-1. Johnson claims to have only signed under the box consenting to the vaccination and wrote that he "would like to ask questions about vaccine [sic] before taking." Id. Allegedly, no one reached out to Johnson, and he did not ultimately receive the vaccine. ECF No. 886 at 2.

To the extent Johnson remains unvaccinated, the court finds that it is unlikely to be a result of unavailability or the BOP's lack of diligence. According to the BOP, "[v]accine doses are available at each location" and "[i]nmates have also been offered booster shots in accordance with CDC guidance." COVID-19 Vaccine Implementation, BOP, https://www.bop.gov/coronavirus/ (last visited Jan. 3, 2023). To the extent Johnson has still been denied an opportunity to receive his vaccine, that fact, while unfortunate, would not amount to an extraordinary and compelling circumstance in light of the other conditions, including his lack of risk factors, discussed above.

### B. Section 3553(a) Factors

Assuming the court determined that Johnson presented extraordinary and compelling circumstances supporting relief, the factors set forth in 18 U.S.C. § 3553(a) weigh against reducing his sentence. In sentencing a defendant or determining whether a reduction is justified, § 3553(a) requires a court "impose a sentence sufficient, but not greater than necessary" by considering the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense committed];
> [. . .]
> (5) any pertinent policy statement;
> [. . .]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In his motion, Johnson argues that the factors weigh favorably toward reducing Johnson's sentence. Johnson claims that his prior criminal history reflected his youth—he was twenty-four years old at the time he committed the offense—and his "troubled adolescence." ECF No. 870 at 11. Johnson is now thirty-eight years old. See PSR at 2. Johnson claims to have "take[n] full advantage of every rehabilitative opportunity available to him over the course of his incarceration," and he has completed his GED, a drug program, and several other programs and classes. ECF No. 870 at 11, 17. He further notes that he has been in custody for over eight years and has never received a disciplinary infraction. Id. at 17. Finally, Johnson adds that he was sentenced based on non-violent drug conspiracy charges, and he has "never been a danger to the safety of any person or to the community." Id. at 16–17.

The court commends Johnson on his efforts while incarcerated and agrees that these factors, for the most part, weigh in favor of reducing his sentence. However, Johnson overlooks a significant part of his history, which the government exclusively focuses on in its response to Johnson's motion. As the government notes, the court took the rare step of ordering Johnson's release on bond while his motion to vacate pursuant to

28 U.S.C. § 2255 motion was pending before the court. ECF No. 787. On September 25, 2017, while out on bond, the Georgetown County Sheriff's Department arrested Johnson for distribution of heroin. ECF No. 799. Johnson was charged and pleaded guilty to distribution of heroin, first offense in the Georgetown County General Sessions Court. ECF No. 846-1 at 3. He was sentenced to two years in state custody as a result. On August 4, 2019, also during his release, Johnson tested positive for cocaine. Id. at 2.

Johnson, via counsel, acknowledges the state drug conviction but asks the court to exact a "measured response" to it. ECF No. 886 at 3. In so arguing, Johnson focuses only on the numeric impact of his state conviction. Specifically, Johnson reiterates that his sentence "should have been [twenty-four to thirty months, i.e.,] 2 years to 2 ½ years." Id. Thus, according to Johnson, even if the court had revoked his entire three-year term of supervised release[5] because of the state offense, Johnson has overserved his sentence, which should have been for a maximum of "5 to 5 ½ years." Id.

Johnson's argument fails to consider the sentencing factors under § 3553(a). As a result of the Johnson's criminal conduct while out on bond, the court finds that Johnson's full sentence is needed to reflect the seriousness of his drug conspiracy offense, to promote respect for the law, and to deter additional criminal conduct. These factors are outcome determinative, as Johnson's decision to distribute heroin upon his provisional release demonstrates that his positive behavior and rehabilitation while in prison were not

---

[5] The court notes that under the USPO's original recommendation, which did not apply the Guidelines enhancement, the PSR recommended that Johnson received three to five years of supervised release. ECF No. 648 ¶ 87. The point is moot, however, as the court agrees that even if Johnson received five years of supervised release and violated it (for a total of 7 to 7 ½ years), he has still overserved the total term based on Johnson's calculations.

true reflections of whether he appreciated the seriousness of his actions.  Other district courts have found that the § 3553(a) factors may preclude relief even where a sentencing disparity existed based on a defendant's career-offender status.  See Hallman, 2022 WL 4477710, at *4 (finding that the factors set forth in § 3553(a) counseled against release even though the defendant would not have been sentenced as a career offender if sentenced today); Massey, 2021 WL 4233886, at *4 (same, where the defendant committed his offenses while he was still on supervised release).  Based on the sentencing factors, the court does not find that Johnson's putative change-in-status as a career criminal under the Guidelines overrides the court's concern with accomplishing the § 3553(a) sentencing objectives.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 3, 2023**
**Charleston, South Carolina**